**William E. BARTH**

**v.**

**CITY OF LOUISVILLE, a Municipal Corporation et al.**

Court of Appeals of Kentucky.

Nov. 21, 1969.

Rehearing Denied Feb. 6, 1970.

Blakey Helm, Louisville, for appellant.

Eugene H. Alvey, Director of Law, Robert C. Moore, Asst. Director of Law, Marshall P. Eldred, Jr., Edward F. Rectenwald and D. H. Robinson, Louisville, for appellees.

CULLEN, Commissioner.

William E. Barth, owner of property abutting on an alley in the City of Louisville, appeals from a judgment which directed that a portion of the alley be closed. The primary contentions of the appellant are that the closing does not serve a public purpose and that the closed portion will be devoted to a private use, contrary to the

terms of the deed of dedication by which the alley originally was established.

The proceeding to close the alley was brought by the city under KRS 93.360. That statute provides for the payment of damages suffered by abutting owners; however, in the instant case the trial court reserved the question of damages for later determination and, by appropriate recitations under CR 54.02, made final and appealable the judgment that the closing be effected.

All of the owners of land abutting on the alley were joined as defendants. However, only Barth and the owner of one other parcel actively defended the proceeding, and only Barth has appealed.

The alley in question lies in a block in downtown Louisville bounded on the north by Liberty Street, on the east by Fourth Street, on the south by Walnut Street, and on the west by Fifth Street. The alley begins on Fifth Street, 97 feet south of Liberty, and runs straight east 236 feet; there it forms an inverted "L" intersection with what the appellant chooses to designate another alley which runs from the point of intersection straight south to Walnut Street. Abutting the alley on the south side, for its entire east-west length, is a parcel of land owned by Eli Brown & Sons, Inc.. On the north side of the alley there are six tracts, the first one on the west being 116 feet in width along the alley; the next two 22½ feet each; the next one 51 feet; and the next two 20 feet each. These six tracts all extend from the alley through to Liberty Street. The 116-foot tract on the north side of the alley at the west end is owned by Eli Brown & Sons, Inc. (which also owns all the land on the south side of the alley). The next lot to the east is owned by Barth; the next one by Robinson and Rectenwald; the next one by the Kentucky Trust Company as a testamentary trustee; the next one by Eli Brown & Sons, Inc., and the last one by Helen Liebschutz.

The portion of the alley adjudged in this proceeding to be closed is the west 116 feet. The judgment directs that this portion revert to the abutting owners, which in this instance is the one owner, Eli Brown & Sons, Inc. The result will be that the Brown company will have a single, unified tract rather than two tracts separated by an alley.

The 20-foot tract abutting the alley on the north side at its east end, owned by Helen Liebschutz, would, if acquired by the city, enable the north-south alley to be extended straight north, from its intersection with the east-west alley to Liberty Street, thus providing a straight, 20-foot, north-south alley from Walnut Street to Liberty Street. The possibility of this being accomplished was explored by the city, but Mrs. Liebschutz did not desire to sell. An alternative possibility was to acquire the Eli Brown & Sons 20-foot lot adjoining the Liebschutz lot on the west, which would provide a through north-south alley with only a small offset or jog. The Brown company was approached with a suggestion that the company donate this lot to the city for the north-south alley, in exchange for which the west 116 feet of the east-west alley would be closed and would revert to the Brown company. This proposition was acceptable to the Brown company, and the company has agreed to convey the 20-foot lot to the city upon the effectuating of the closing procedure. The company also has agreed to convey a small triangular portion at the northeast corner of the land it owns south of the east-west alley, so that the offset or jog at the point of extension of the north-south alley will not be abrupt.

The net result of the proposed transactions will be that there will be a north-south alley running through the block in question, with a dead-end spur running west from it to serve the three lots lying between the north-south alley and the Brown company parcel (the last lot on the spur being Barth's).

The record shows that the proposal for the alley changes originated with a group of citizens who were interested in the development of the downtown business section of Louisville, and that the proposal was prompted by the fact that there was a serious problem of traffic congestion in the existing alley. On occasions traffic was backed up on Fifth Street because of the congestion in the alley. It appears that the congestion was due in main part to vehicles servicing business establishments that abut on the north-south portion of the alley. The congestion was such as could block emergency vehicles in case of fire or other casualty.

The appellant's argument that no public purpose will be served by closing the west end of the east-west alley seems to be based on the propositions (1) that the Brown Company has appropriated six feet of width of the east-west alley, on the south side, and if that width were restored to use the congestion would be substantially eliminated; and (2) that the north-south alley should be restricted to north-south use alone, which would eliminate any congestion in the east-west alley.

■ We are not persuaded of the validity of those propositions. In the first place, they involve determinations of *fact* on which the evidence was conflicting. In the second place, even if it were found that the *congestion could be eliminated by the* methods suggested by the appellant, the conclusion would not follow that the method chosen by the city does not accomplish a public purpose. We are not advised of any rule that an alley can be closed only if there is no other possible way of achieving the purpose sought to be accomplished by the closing.

■ The appellant argues that the real purpose of the closing is to benefit Eli Brown & Sons. The record does indicate that the Brown company will benefit materially; however, it shows also that the public will benefit from relief of traffic congestion, better fire protection, etc. In a case very similar to the instant one this court held that it is no bar to the closing of a street or alley that a private person will receive special benefit, so long as a public purpose is served by the closing. See Henderson v. City of Lexington, 132 Ky. 390, 111 S.W. 318, 22 L.R.A.,N.S., 20. We believe that holding is sound.

■ The appellant argues that the closing is in violation of the provisions of the 1817 deed by which the alley originally was dedicated to the city. It is sufficient for us to say that an identical contention was rejected by the court in the Henderson case, above cited, for reasons which are fully applicable to the facts of this case and which we find to be valid.

■ The appellant complains of the fact that the Planning and Zoning Commission participated in some of the preliminary activities leading up to the enactment by the city of the alley-closing ordinance. He says that the commission could not legally participate in a closing activity, but that it held hearings or meetings of which the owners of property abutting on the alley were not given notice, and that the trial court permitted the commission's report to be introduced in evidence and gave some consideration to it. The record shows that the only function performed by the Planning and Zoning Commission in this case was to obtain agreements from utilities for the movement of service lines, and that the "report" to which the appellant objects merely stated that the commission had obtained the necessary agreements and that it had no objection to the closing. We cannot see how the participation could have had any effect upon the determination that the closing of the alley would accomplish a public purpose.

The judgment is affirmed.

All concur.